**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2263
_____

UNITED STATES OF AMERICA

v.

FRANCISCO RAMOS,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cr-00235-001)
District Judge: Honorable Nitza I. Quiñones Alejandro

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On June 4, 2019

Before: JORDAN, BIBAS, and MATEY, *Circuit Judges*

(Filed: September 30, 2019)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

There is more than one way to shear a sheep. And there is certainly more than one way to instruct a jury properly. While pattern jury instructions are often sound templates, they are not holy writ. Judges are free to adapt them or adopt their own phrasing, so long as their instructions taken as a whole explain the law clearly and correctly. Here, Francisco Ramos argues that two jury instructions were wrong. But they did not plainly misstate the law. So we will affirm.

## I. BACKGROUND

Ramos was charged with conspiracy to distribute crystal meth. At trial, he claimed that he was not guilty because he had not entered into any criminal agreement. After Ramos's trial, the judge instructed the jury on the law governing both circumstantial evidence and conspiracies. The jury then convicted Ramos of conspiracy. He now appeals, challenging both instructions and seeking a new trial.

## II. THE DISTRICT COURT INSTRUCTED THE JURY PROPERLY

Ramos never objected to either jury instruction until now, so we review for plain error. *United States v. Lee*, 612 F.3d 170, 191 (3d Cir. 2010). He must show that (1) there was an error; (2) it was plain; (3) it prejudiced or affected his substantial rights; and (4) not correcting the error would "seriously affect[] the fairness, integrity or public reputation of [the] judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)). An error is plain if it is "more than obvious or readily apparent" on the face of the record. *Young*, 470 U.S. at 17 n.14. And we review

jury instructions as a whole, not bit by bit. *United States v. Greenspan*, 923 F.3d 138, 147 (3d Cir. 2019). Ramos cannot show any error here, let alone plain error.

**A.  The circumstantial-evidence instruction was not plainly erroneous**

Ramos raises two objections to the circumstantial-evidence instruction. First, he argues that the judge should have instructed the jury to weigh competing inferences when evaluating circumstantial evidence. Second, he complains that the judge's example of circumstantial evidence was flawed because it permitted only one possible explanation. While some of the phrasing was less than ideal, the instruction as a whole was not plainly wrong.

1. *The District Court adequately explained the jury's duty*. Ramos argues that the judge should have told the jury that it had a duty to weigh the competing inferences one could draw from circumstantial evidence, not to identify a single correct inference. To be sure, the court must tell the jury to weigh competing inferences. But Ramos's claim fails because the judge instructed the jury on precisely this issue.

Time and again, the judge made clear the jury's role: Before getting to circumstantial evidence, she charged the jury to "[u]se your common sense in weighing the evidence," "[c]onsider the evidence in light of your everyday experience," and "give it whatever weight you believe it deserves." App. 646–47. She noted that "[i]f your experience and common sense tell[ ] [you that] certain evidence reasonably leads to a conclusion, you *may* reach that conclusion." App. 647 (emphasis added). And she told the jurors that they "[we]re the sole judges of the evidence." App. 642.

Ramos objects that the judge did not restate, verbatim, our model jury instructions. Perhaps the instructions would have been clearer had the judge added: "You, and you alone,

must decide what reasonable inferences [to] draw based on all the evidence and your reason, experience and common sense." Third Circuit Model Criminal Jury Instructions § 3.03 (2018 ed.). But while our model instructions are informative and helpful, they are just that—a model. They do not bind district courts. *United States v. Shannon*, 766 F.3d 346, 353 n.9 (3d Cir. 2014). It is not error simply to vary from these instructions. *Id.* Taken as a whole, the judge's instructions explained the law correctly.

2. *The example of circumstantial evidence was not plainly inaccurate*. Ramos next argues that the judge's example of circumstantial evidence was misleading because it was "not susceptible to competing inferences." Appellant's Br. 23. He claims that it left the jury with only one possible inference—guilt.

The judge's illustration was simple enough: We enter a building one morning under clear skies. When we leave in the afternoon, we see ten feet of snow outside. Though we did not see it happen, "[w]e *can* conclude based on [the] reasonable evidence in front of us that a blizzard happened during the day." App. 650 (emphasis added). As the judge put it, "[w]e never saw it, but the evidence is there." *Id.* This is a variant of our model instruction: if we see someone enter a building with a wet raincoat and a wet umbrella, we may reasonably infer that it was raining. *See* Third Circuit Model Criminal Jury Instructions, *supra*, § 3.03.

Ramos claims that the judge's illustration was misleading because it allowed only one possible inference, not several. The raincoat and umbrella could have been soaked by a lawn sprinkler, but only a blizzard could explain the drifts of snow. In response, the

4

government argues that snow blowers or snow machines could have produced a wintry landscape.

We need not wade into these drifts. No matter the form of precipitation, in each case the most obvious inference is clear. The point of the judge's example, and of our model instruction, is to explain the idea of circumstantial evidence simply and without referring to the facts of the crime charged. The judge's example did just that. While the rain example is preferable for the reasons Ramos notes, the snow example was sensible too. *See United States v. Snyder*, 189 F.3d 640, 647 (7th Cir. 1999) (calling a similar snowy instruction a "classic example of circumstantial evidence"). The judge defined circumstantial evidence, illustrated it with an example, and explained the jury's duty to weigh competing inferences and draw its own conclusions.

So there was no error. Even if there were, any error would not have been plain.

**B. The conspiracy instruction accurately stated our precedent**

Ramos also argues that the judge's conspiracy instruction erred by diverging from our model instruction in two ways: it called conspiracies inherently secretive, and it noted that they are often proven by circumstantial evidence. Neither argument comes close to showing error, let alone plain error.

1. *Conspiracies are inherently secretive*. Ramos argues that the judge erred in describing conspiracies as naturally "secretive operation[s]," calling this language "argumentative and pejorative." App. 664; Appellant's Br. 26.

But as we and the Supreme Court have both recognized, "[s]ecrecy and concealment are essential features of [a] successful conspiracy." *Blumenthal v. United States*, 332 U.S.

5

539, 557 (1947); *see United States v. Brodie*, 403 F.3d 123, 134 (3d Cir. 2005). That is no surprise, since the ordinary meaning of "conspiracy" encompasses "a combination of persons banded secretly together and resolved to accomplish an evil or unlawful end." *Webster's Third New International Dictionary* 485 (1993). So that part of the instruction accurately stated the law.

2. *Conspiracies are often proven by circumstantial evidence*. Ramos also attacks the judge's instruction that conspiracies are "not usually proven by direct evidence." App. 664. That instruction, he argues, was "particularly imbalanced in the context of the flawed circumstantial evidence charge" because it urged the jury "to infer guilt from the circumstantial evidence." Appellant's Br. 27.

But the judge's statement did not suggest that the jury draw a positive inference of guilt. To the contrary, it faithfully represented our precedent. In one case, we found no error in a similar instruction that "[p]roof of a conspiracy is very seldom subject to proof by direct evidence." *United States v. Price,* 13 F.3d 711, 725 (3d Cir. 1994) (alteration in original) (quoting the trial judge's instruction). And we have noted that "[t]he crime of conspiracy … is seldom susceptible of proof by direct evidence." *United States v. Barrow*, 363 F.2d 62, 64 (3d Cir. 1966).

Ramos's only authority for his argument is two unpublished Fourth Circuit cases. Appellant's Br. 27–28 (citing *United States v. Anudu*, 77 F.3d 471 (4th Cir. 1996) (table); and *United States v. Adams*, 161 F.3d 3 (4th Cir. 1998) (table) (per curiam)). But these non-precedential, out-of-circuit cases do not bind us or any other court. So once again we see no error, let alone plain error.

\* \* \* \* \*

The conspiracy instruction was wholly accurate. And while the circumstantial-evidence instruction could have been better, it did not plainly misstate the law. Plus, Ramos never objected to either instruction. So we will affirm his conviction.